**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1257C

(Filed: January 26, 2017)

FILED
JAN 26 2017
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MANUEL BURCIAGA, <br><br> Plaintiff, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Defendant. | Rule 12(b)(1) Motion to Dismiss; Contract Claims; Proper Defendants; Unlawful Detainment. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Manuel Burciaga*, Fresno, California, *pro se* Plaintiff.

*Borislav Kushnir*, with whom were *Benjamin C. Mizer*, Deputy Principal Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *L. Misha Preheim*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Manuel Burciaga, a currently incarcerated *pro se* plaintiff, seeks relief in this Court for the Government's breach of contract through his continued imprisonment. The Government has filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. For reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Burciaga's claim.

## Background

Mr. Burciaga is currently being held at the Fresno County Jail in California. Compl. at 2. On June 15, 2016, the State of California filed a criminal complaint against Mr. Burciaga alleging four counts: 1) evading an officer; 2) possession of a firearm by a felon;

3) receiving stolen property; and 4) obstructing a peace officer. Id. at 4-5. Mr. Burciaga believes he entered into a contract with the State of California when he signed, dated, and wrote "ACCEPTED" on his copy of the criminal complaint and mailed a "Notice of Acceptance" to the Fresno County District Attorney's Office on August 16, 2016. Id. at 1. Further, Mr. Burciaga mailed a "Notice of Dishonor" to the Fresno County District Attorney's Office on August 30, 2016. Id. at 9.

In Mr. Burciaga's "Notice of Acceptance," he directed the District Attorney's Office to "TAKE NOTICE that I accept your offer and return your offer back to you for discharge and settlement of the accounting." Id. at 6. Mr. Burciaga stated that "silence shall be deemed [acceptance of] all obligations established in this NOTICE and agree[ment] to perform . . . ." Id. at 7. Then, under the "Notice of Dishonor," Mr. Burciaga "accepted [the District Attorney's Office's] presentment(s) for discharge and settlement of the accounting" and "advised that [its] silence has been received as acquiescence." Id. at 9. Thus, Mr. Burciaga believes his continued imprisonment breached a contract. Id. at 2.

Mr. Burciaga now seeks his immediate release from Fresno County Jail, $5,000,000 in damages for his "unlawful detainment," and an order directing the defendant to pay all costs of this complaint. Id. at 2.

On October 3, 2016, Mr. Burciaga filed his "Protest" along with a copy of the signed criminal complaint, a "Notice of Acceptance," and a "Notice of Dishonor." In response, the Government filed a motion to dismiss on November 28, 2016. Mr. Burciaga responded with a "Motion for Default Judgement" on December 20, 2016. The Government filed its reply on January 3, 2017.

In its filings, the Government presents two grounds for dismissal for lack of subject matter jurisdiction. First, it argues that the Court lacks jurisdiction against California. Def.'s Mot. at 2-3; Def.'s Reply at 1. Second, it argues that the Court lacks jurisdiction to entertain the alleged contract, tort, and statutory claims under the Tucker Act. Def.'s Mot. at 3-5; Def.'s Reply at 1-2. This Court agrees with the Government in both instances and GRANTS the motion to dismiss.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgement upon any claim against the United States found either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or

2

>for liquidated or unliquidated damages in cases not sounding in tort.

28. U.S.C. § 1491(a)(1). The statute itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Therefore, a plaintiff must provide a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When ruling on a Rule 12(b)(1) motion to dismiss, the Court must assume that all facts alleged in the complaint are true and draw reasonable inferences in favor of the non-movant. Erikson v. Pardus, 551 U.S. 89, 91 (2007). In addition, courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Erickson, 551 U.S. at 94; Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009). However, a plaintiff's *pro se* status does not excuse them from demonstrating facts upon which a valid claim can rest. Erikson, 551 U.S. at 94. Even with his *pro se* status, none of Mr. Burciaga's claims survive the 12(b)(1) motion to dismiss.

### A. This Court does not have Jurisdiction over Claims against the State of California.

Pursuant to the Tucker Act, this Court only has jurisdiction to entertain claims against the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941). The Court does not possess jurisdiction over claims against individual States. Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). Mr. Burciaga has not named any federal agency or the United States as a defendant. He named "the People of the State of California" as the sole defendant, and all claims arise from his criminal prosecution by the State such that a proper defendant cannot reasonably be inferred. Compl. at 1. Therefore, this Court does not have jurisdiction.

### B. This Court does not have Jurisdiction over Mr. Burciaga's Contract, Tort, or Statutory Claims.

First, the Court does not have the authority to hear contract claims which have no connection to the federal government. 28 U.S.C. § 1491(a)(1). Under the Tucker Act, a cause of action based on a contract only exists when the contract binds the plaintiff to the Government and entitles the plaintiff to monetary relief. Ransom v. United States, 900 F. 2d 242, 244 (Fed. Cir. 1990). Mr. Burciaga does not allege that he has a contract with the Government. Compl. at 1. In addition, he provides no documents that indicate the formation of a contract or entitlement to monetary damages. Id. at 1-2. Mr. Burciaga's mere signing and return of his criminal complaint does not create a binding contract. Thus, the Court does not have jurisdiction to hear Mr. Burciaga's contract claim.

Second, this Court does not have jurisdiction to entertain "cases sounding in tort." 28 U.S.C. § 1491(a)(1). Claims of unlawful imprisonment inherently sound in tort. Al-Qaisi v. United States, 103 Fed. Cl. 439, 442-443 (2012), aff'd, 474 Fed. Appx. 776 (Fed. Cir. 2012); Burman v. United States, 75 Fed. Cl. 727, 729 (2007). Mr. Burciaga seeks monetary damages for his "unlawful detainment" and an order for his "immediate release." Compl. at 2. In the event these requests can be construed as a complaint of unlawful imprisonment, they fall outside of the Court's jurisdiction due to their reliance on tort.

Third, statutes can form a basis for jurisdiction under the Tucker Act when they mandate the payment of money damages from the Government. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999). Mr. Burciaga invokes "House Joint Resolution 192 of June 5, 1933, Uniform Commercial Code 3-419 and Public Law 73-10" as the statutory basis for his claim. Compl. at 2. None of these statutory authorities mandate compensation by the United States and therefore, do not fall under the jurisdiction of this Court. Zubaidah v. United States, No.16-636C, 2016 WL 4491747, at *fn. 4 (Fed. Cl. Aug. 26, 2016); Harris v. United States, 113 Fed. Cl. 290, 293 (2013). Thus, the statutory authority Mr. Burciaga refers to cannot act as the basis of jurisdiction before this Court.

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgement accordingly. No costs.

IT IS SO ORDERED.

*Thomas C. Wheeler*

THOMAS C. WHEELER
Judge